QUESTION PRESENTED AND CONCLUSION Question: Does C.R.S. § 18-1-1001, in particular paragraph (5) relating to the release of a defendant on bail following a charge of domestic violence, require municipal courts to advise a defendant of the existence of a C.R.S. § 18-1-1001 protection order prior to that defendant being released on bail?
Answer: No. C.R.S. § 18-1-1001 specifically references violations "of this title" referring to Title 18 of the state statutes. Because a municipal ordinance is not a violation under this title, none of the provisions of that statute applies to municipal ordinances.
 BACKGROUND
In 1984, the legislature enacted C.R.S. § 18-1-1001, which is currently titled Protection Order Against Defendant. The purpose of this statute was to insure that defendants in domestic violence cases were prevented through a court order from continuing their harassment of domestic violence victims during the pendency of a criminal case. The key language in the statute that is currently causing the concern is as follows:
There is hereby created a mandatory protection order against any person charged with a violation of any ofthe provisions of this title which person is advised of his or her right at arraignment or the person's first appearance before the court and informed of such order until final disposition of the action. (Emphasis added.)
Paragraph (5) of this statute was added by amendment in 1994 through House Bill 1253. The relevant portions of that paragraph read:
Before a defendant is released on bail pursuant to Article 4 of Title 16, C.R.S., the court shall, in cases involving domestic violence as defined in § 18-6-800.3(1), state the terms of the protection order issued pursuant to this section: . . .
The definition of "domestic violence" that is contained in C.R.S. § 18-6-800.3(1) states as follows:
 "Domestic violence" means an act or threatened act of violence upon a person with whom the actor is or has been involved in an intimate relationship. "Domestic violence" also includes any other crime against a person or against property or any municipal ordinance violation against a person or against property, when used as a method of coercion, control, punishment, intimidation, or revenge directed against a person with whom the actor is or has been involved in an intimate relationship. (Emphasis added.)
As originally enacted, the definition of domestic violence contained in this statute did not include the language referring to municipal ordinances. This language was added in 1994, the same year that paragraph (5) was added to the protection order statute, C.R.S. §18-1-1001. Because some municipal judges are reading §18-1-1001 as applying only to violations of state law, they are not currently advising defendants of a protection order prior to their release on bond. Other municipal courts are looking to the provisions of paragraph (5) of § 18-1-1001, and, because it refers back to the definition of domestic violence in § 18-6-800.3
(which does include municipal ordinances), are advising defendants of a protection order prior to being released on bond in a domestic violence-related matter. This inconsistency led to this request to the Attorney General for an opinion clarifying the statute.
 DISCUSSION
"The primary goal in determining the meaning of a statute is to ascertain and give effect to legislative intent. If possible, the courts determine this intent by giving words their plain and ordinary meaning." Bd. ofCounty Comm'rs v. IBM Credit Corp., 888 P.2d 250, 254
(Colo. 1995). The first section of C.R.S. § 18-1-1001
contains the language that limits the application of that statute. By stating that the protection orders are mandatory for any person charged with a violation of any provisions "of this title," the language clearly restricts the mandatory protection orders to violations of state law. A number of changes were made to the domestic violence laws in 1994. Paragraphs (5) and (6) were added to § 18-1-1001 defining what must happen in a domestic violence-related case before a defendant is released on bail, and further how a protection order could be modified in those circumstances. This time, the legislature defined domestic violence pursuant to §18-6-800.3(1), which was also being amended to include any municipal ordinance violation against a person. Previously, the definition of domestic violence had not included language referring to municipal ordinance violations. In addition, the legislature used the term "prosecuting attorney" rather than "district attorney" in both paragraphs (5) and (6), whereas previous sections of that statute have used the phrase "district attorney." However, the language of the new paragraphs continues to refer back to a protection order issued pursuant to § 18-1-1001 and a person who is released on bail pursuant to article 4 of title 16 of the Colorado Revised Statutes. Thus, the language referring back to violations of "this title," meaning title 18 and bonds under title 16 remained in effect. That section also states that the protection order should "state the terms of the protection order issued pursuant to this section." § 18-1-1001(5). Thus, a protection order issued pursuant to any other authority would not be subject to the requirements of paragraph (5). If the language of the statute is clear and unambiguous, the court need go no further in interpreting the meaning of the statute. Bd. of County Comm'rs v. IBM Credit Corp.,888 P.2d at 254.
Clearly the statute as first drafted contemplated only state law violations by reference to both title 18 violations and the use of the phrase "district attorney" as the entity allowed to request modifications of the protection orders. While the legislature has amended comparable statutes and specifically included language referencing municipal courts, they have not done so in § 18-1-1001. C.R.S. § 14-4-102 and C.R.S. § 13-14-101
regarding civil protection orders, for example, specifically include municipal courts as being authorized, though not mandated, to issue protection orders. Moreover, law enforcement officers have been given the authority to enforce municipal court no-contact or protection orders via these statutes. There has been ample opportunity for the legislature to include municipal ordinance violations under § 18-1-1001
if that was the intent.
It is consistent with all of these statutes to conclude that the legislature intended to authorize municipal courts to issue protective orders and to allow law enforcement to enforce such orders. However, it is a different matter to mandate municipal courts to enter such orders. Such a mandate would create burdens at the municipal court level that may not be easily funded or managed by every municipality. A plain reading of C.R.S. § 18-1-1001 is that it was intended to mandate protection orders in state court proceedings only.
 CONCLUSION
The mandatory requirements for advising a defendant of a protection order in a domestic violence case as contained in C.R.S. § 18-1-1001 do not apply to municipal courts or violation of municipal ordinances. It is also clear from this and related statutes that municipalities are free to authorize their courts to issue such protective orders and that those orders can be enforced by local law enforcement pursuant to state law.